**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Anthony Lewis Jerdine,** | ) | **CASE NO. 4:20 CV 569** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | |
| **William Barr, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondents. | ) | |

Before the Court is a petition for a writ of habeas corpus filed by Anthony Lewis Jerdine pursuant to 28 U.S.C. § 2241. Doc. 1 ("Petition"). Jerdine is a federal prisoner presently incarcerated at the Northeast Ohio Correctional Center ("NEOCC"). Also before the Court is Jerdine's motion for release pursuant to 18 U.S.C. § 3582 (Doc. 5), and emergency motion for release pursuant to § 2241 and § 3582 (Doc. 6).

For the reasons that follow, the Petition is denied and dismissed without prejudice, and the motions are denied.

**BACKGROUND**

When he filed the Petition, Jerdine identified a related criminal case, Northern District of Ohio Case No. 1:08 CR 481 ("Criminal Case"). A supervised release revocation hearing was conducted in the Criminal Case on March 20, 2020, and Jerdine was sentenced to a period of eighteen (18) months in the custody of the Bureau of Prisons ("BOP"). Criminal Case, Doc. 666. In the Petition, Jerdine alleges that he has been detained since November 10, 2019, and is

entitled to 56 – 63 days of good time credit.  For relief, Jerdine seeks immediate release. Doc. 1 at 4-5.  In both pending motions, Jerdine seeks release due to the COVID-19 pandemic.  Docs. 5, 6.

### **STANDARD OF REVIEW**

Federal district courts are required to undertake a preliminary review of habeas corpus petitions to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"  Rule 4 of the Rules Governing Habeas Corpus under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)); *see also* 28 U.S.C. § 2243.  If the district court determines that a petitioner is plainly not entitled to relief, the petition must be summarily dismissed.  *Id*.; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (Under § 2243, the district court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face.").  Like all *pro se* pleadings, *pro se* habeas petitions are entitled to liberal construction.  *Franklin v. Rose*, 756 F.2d 82, 85 (6th Cir. 1985) (citation omitted).

### **ANALYSIS**

"It is well settled in the Sixth Circuit that before a prisoner may seek habeas corpus relief under § 2241, he must first exhaust his administrative remedies."  *Bronson v. Carvaljal*, Case No. 4:20-cv-914, 2020 WL 2104542, at *2 (N.D. Ohio May 1, 2020) (citing among authority *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)).  In the Petition, Jerdine seeks release due to time-served and good time credits.  Jerdine does not claim in the Petition that he has exhausted his remedies with the BOP regarding this issue.  The exhaustion requirement for § 2241 "serves the laudable goals of (1) protecting 'administrative agency authority,' by

ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, preserving both judicial resources and administrative autonomy; and (2) promoting efficiency because '[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court.'" *Id*. (quoting *Woodford v. Ngo*, 548 U.S. 81, 89, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006)). Because Jerdine has not exhausted his administrative remedies, the Petition is denied and dismissed without prejudice.

Jerdine's motions for release due to COVID-19 are also subject to the exhaustion requirement. Title 18 U.S.C. § 3582(c)(1) requires exhaustion of administrative remedies before bringing a motion to the Court for compassionate release, and this requirement applies to motions brought in the context of COVID-19. *United States v. Edwards*, No. 3:13-CR-00012-1, 2020 WL 1987288, at *11 (M.D. Tenn. Apr. 27, 2020) (adopting the reasoning of other district judges within the Sixth Circuit and across the nation that the exhaustion requirement of 18 U.S.C. § 3582(c)(1) cannot be disregarded in the context of COVID-19) (collecting cases); *United States v. Gales*, No. 1:19-CR-251-4, 2020 WL 2085146, at *4 (N.D. Ohio Apr. 29, 2020) (denying without prejudice motion for compassionate release due to COVID-19 for failure to exhaust administrative remedies); *Bronson*, 2020 WL 2104542, at *2 (exhaustion of compassionate release requests due to COVID-19 serves the important purpose of allowing the BOP, an agency in a better position than the court to understand an inmate's health and circumstances relative to the rest of the prison population and to identify extraordinary and compelling reasons for release, to address the request in the first instance) (citations omitted); *Singleton v. Williams*, No. 4:20 CV 961, 2020 WL 2526990, at *1 (N.D. Ohio May 18, 2020) (same) (citing among authority, *Bronson*). Jerdine does not allege in his motion for

compassionate release due to COVID-19 that he has exhausted his administrative remedies before seeking relief in this court pursuant to 18 U.S.C. §3582(c)(1) and, therefore, his motion (Doc. 5) is denied. Moreover, Jerdine's compassionate release motion in the instant action is duplicative of his motion for compassionate release in the Criminal Case, and is denied for this additional reason.

Jerdine's second motion for release due to COVID-19 (Doc. 6) is brought pursuant to 28 U.S.C. § 2241 and 18 U.S.C. §3582(c)(1). Doc. 6 at 8. As in the first motion, Jerdine does not allege that he has exhausted his administrative remedies. *See id.* The Court has already determined, *supra*, that Jerdine must exhaust his administrative remedies before bringing a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). And, the exhaustion requirement of § 2241 petitions applies with equal force to petitions brought to obtain relief due to COVID-19. *See Singleton*, 2020 WL 2526990, at *1 ("This court agrees with other district courts that have held it is necessary for federal prisoners to demonstrate they have exhausted their administrative remedies with the BOP before seeking relief due to COVID-19 circumstances whatever the statutory basis for their claim (i.e., whether they seek relief under § 2241 or 18 U.S.C. § 3582).") (citing *Bronson*, 2020 WL 2104542, at *2-3 (noting that the BOP has procedures in place and is in the best position in the first instance to determine which federal prisoners are suitable for home confinement based on COVID risk factors); *Walker v. Williams*, Case No. 4: 20-cv-917 (N.D. Ohio May 7, 2020)); *Bronson*, 2020 WL 2104542, at *2 ("The Court finds that the prudential concerns surrounding the enforcement of the exhaustion requirement for motions brought pursuant to 28 U.S.C. § 3582 [in the context of COVID-19] apply equally to habeas petitions seeking similar relief under 28 U.S.C. § 2241."). Accordingly,

Jerdine's second motion for release due to COVID-19 is denied for failure to exhaust his administrative remedies, and for the additional reason that the motion is duplicative of his motion for compassionate release in the Criminal Case.

## **CONCLUSION**

For all the foregoing reasons, Jerdine's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is denied and dismissed without prejudice. The motions for release due to COVID-19 pursuant to 18 U.S.C. § 3582(c)(1) and 28 U.S.C. § 2241 (Docs. 5, 6), are denied. This case is dismissed without prejudice pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing 2254 Cases.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal form this decision could not be taken in good faith.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      United States District Court
      Chief Judge

Dated: 5/28/20